***NOT FOR PUBLICATION***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT FIGUEROA, | : | |
| Petitioner, | : | Civil Action No. 15-2972 (CCC) |
| v. | : | **OPINION** |
| ROBERT BUECHELE, et al., | : | |
| Respondents. | : | |

**Cecchi, District Judge:**

Petitioner Robert Figueroa ("Petitioner"), confined at South Woods State Prison in Bridgeton, New Jersey, files the instant Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254, challenging a sentence imposed by the State of New Jersey for the illegal possession of a firearm. At this time, the Court must screen the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, to determine if the Petition should be dismissed because Petitioner is not entitled to relief. For the reasons stated below, the Court dismisses the Petition.

### I. FACTUAL BACKGROUND

The procedural history of this case is complex, as it involves the interplay between three different indictments against Petitioner, and a prolonged delay in sentencing. On February 16, 2003, Petitioner shot and killed an individual named Samir Prauvlaud. (ECF No. 1-9 at 6.) Petitioner was arrested and charged with that shooting under Indictments 03-03-1110 and 03-03-1111 ("Shooting Indictments"). *Id.* While on bail for the Shooting Indictments, Petitioner was again arrested on June 9, 2003, and charged with 14 counts of drug offenses under Indictment 04-

04-310 ("Drug Indictment"), and with violation of N.J. Stat. Ann. § 2C:39-7b, Certain Persons Not to Have Weapons, under Indictment 04-04-312 ("Gun Indictment"). *Id.* The Gun Indictment is the subject of the instant Petition.

Petitioner was convicted of the Shooting Indictments in separate trials for aggravated manslaughter and another certain persons offense. *Id.* Subsequently, he pled guilty to one count of the Drug Indictment, a first degree crime of possession with intent to distribute, and the Gun Indictment. *Id.* At the plea hearing, the trial court explained in detail to Petitioner the possible punishment of his guilty pleas, that he faces a maximum of 20 years of imprisonment with 10 years of parole ineligibility for the Drug Indictment, and a maximum of 10 years of imprisonment with 5 years of parole ineligibility for the Gun Indictment. (ECF No. 1-6 at 4.)

The trial court asked Petitioner a series of questions, and determined that Petitioner knowingly and voluntarily entered into the plea agreements. *Id.* at 6-18. In particular, the trial court asked Petitioner if he understood that the plea to the Gun Indictment has a recommended sentence of ten years with five years of parole ineligibility, and Petitioner answered in the affirmative. *Id.* at 10. The trial court also asked Petitioner whether he understood that, under the plea agreement, Petitioner was to serve his sentence under the Gun Indictment consecutive to both his sentences under the Shooting Indictments and the Drug Indictment, to which Petitioner also answered in the affirmative. *Id.* at 8. The trial court again confirmed Petitioner's understanding, asking if Petitioner understood that his total recommended time of incarceration for both pleas would be 26 years with 13 years of parole ineligibility, and that they would run consecutive to the sentence on the aggravated manslaughter conviction, to which Petitioner responded affirmatively. *Id.* at 10. Moreover, when asked if any other promises were made to Petitioner regarding the sentences, Petitioner answered in the negative. *Id.*

2

Petitioner's counsel then asked Petitioner some questions about the pleas. Counsel confirmed with Petitioner that a different plea offer was made to Petitioner that included a longer but concurrent sentence, and Petitioner expressly refused that offer. *Id.* at 16. Instead, Petitioner wished to preserve his right to appeal the aggravated manslaughter conviction, and only authorized a resolution of the Drug and Gun Indictments. *Id.* Counsel also confirmed that Petitioner understood he was taking a risk by appealing the aggravated manslaughter conviction, and that because Petitioner was pleading to consecutive sentences on the Drug and Gun Indictments, if his appeal on the Shooting Indictments failed, he would be serving more time. *Id.* at 17. Satisfied with Petitioner's answers, the trial court accepted the pleas. *Id.* at 18.

On January 25, 2005, Petitioner was sentenced for the Shooting and the Drug Indictments. (ECF No. 1-9 at 7.) Petitioner received 30 years total for the Shooting Indictments, and a consecutive 16 years with 8 years parole ineligibility for the Drug Indictment, which was the recommended sentence in his plea. *Id.* Through inadvertence, no sentence was imposed on the Gun Indictment. *Id.* On April 26, 2007, the New Jersey Supreme Court reversed the convictions under the Shooting Indictments, and remanded the matter for a new trial. *Id.* Thereafter, Petitioner pled guilty to aggravated manslaughter, but received a much lighter sentence in the plea—six years. *Id.*

On January 27, 2010, Petitioner filed for post-conviction relief ("PCR") on the Drug Indictment, and sought to withdraw his plea on the Gun Indictment. (ECF No. 1-16 at 5.) After oral argument, the trial court denied both the PCR and the withdraw requests on August 31, 2010. *Id.*

Finally, on December 10, 2010, Petitioner was sentenced on the Gun Indictment. (ECF No. 1-8.) Armed with the benefit of hindsight, knowing that his original aggravated manslaughter

conviction had been overturned, and his sentencing exposure fixed at six years because of the new plea agreement, Petitioner argued strenuously for a concurrent sentence. *Id.* at 3-4. He made this argument despite acknowledging that he had agreed to a consecutive sentence on the Gun Indictment. *Id.* at 4. Petitioner also acknowledged he was not disputing the recommended sentence of ten years with five years of parole ineligibility; he was only arguing for a concurrent sentence. *Id.* The sentencing court rejected Petitioner's arguments, and sentenced him to the originally agreed-to consecutive sentence. (ECF No. 1-9 at 8.) However, due to the various delays, the sentencing court awarded Petitioner 2,149 days of jail time credit, reducing his actual sentence exposure on the Gun Indictment to the minimum five years. *Id.* at 10.

On July 25, 2011, Petitioner filed a direct appeal on the conviction and sentence for the Gun Indictment. (ECF No. 1-16 at 5.) On August 31, 2011, Petitioner filed an appeal on the PCR denial of the Drug Indictment. (*Id.* at 6.) On July 26, 2013, in a consolidated opinion, the Appellate Division affirmed on both appeals. (ECF No. 1-15 at 10.) The New Jersey Supreme Court denied certification on February 14, 2014. (ECF No. 1-17.) The instant Petition followed.

## II.   STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any

4

attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4. Dismissal without the filing of an answer is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." *Id.*; *see also McFarland*, 512 U.S. at 856; *Thomas*, 221 F.3d at 437 (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

### III. DISCUSSION

Petitioner raises three grounds for relief in the Petition: (1) the state trial court violated his due process rights in denying his request to withdraw plea, when the reversal of his conviction under the Shooting Indictments, which occurred after his plea, constituted good cause to withdraw due to changed circumstances; (2) his "speedy sentencing" rights were violated by the prolonged delay in sentencing for the Gun Indictment; and (3) the state trial court erred in relying on unproven allegations in imposing a consecutive sentence. The Court addresses each ground separately below.

#### A. Withdrawal of Plea

Petitioner argues the state trial court erred when it denied Petitioner's request to withdraw his plea. Since his original conviction for aggravated manslaughter was reversed, and he eventually received a much lighter sentence, he argues that he would not have pled guilty had he known he would only receive a six-year sentence for the manslaughter conviction, therefore the trial court should have allowed him to withdraw his plea. Petitioner does not contend his guilty

plea on the Gun Indictment was not knowing and voluntary at the time the plea was made.[1] (*See* ECF No. 1 at 5.)

However, Petitioner does not identify a specific constitutional right the state court allegedly violated when it rejected Petitioner's request to withdraw under a theory of, essentially, "changed circumstances." Indeed, there does not appear to be a case where a federal court has found that a petitioner has a federal constitutional right to withdraw a plea due to "changed circumstances," without an assertion that the plea was not knowing and voluntary. "[A]bsent misrepresentation or other impermissible conduct by state agents, . . . a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Brady v. United States*, 397 U.S. 742, 757 (1970). "[T]he Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor." *United States v. Ruiz*, 536 U.S. 622, 623 (2002); *see United States v. Green*, 405 F.3d 1180, 1190 (10th Cir. 2005) ("The Supreme Court has made it clear that a defendant's decision to give up some of his rights in connection with making a plea-including the

---

[1] As the Court described in some detail above, the state court properly ensured Petitioner's plea was knowing and voluntary during the plea colloquy. *See Blackledge v. Allison*, 431 U.S. 63, 64 (1977) (statements at the plea hearing, along with findings by the judge in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings"); *see also United States v. Fazio*, 795 F.3d 421, 428 (3d Cir. 2015) ("[A]ny possible error in plea counsel's advice to Fazio was cured by the plea agreement and at the plea colloquy."). As such, even if the Court construes this claim as one asserting that the plea was not knowing and voluntary, the Court would likely find such a claim meritless. Nevertheless, the Court need not liberally construe the Petition as raising such a claim, because Petitioner is represented by counsel. *See Ostrowski v. D'Andrea*, No. 14-0429, 2015 WL 10434888, at *3 (M.D. Pa. Aug. 11, 2015) (declining to liberally construe the complaint because it was filed by counsel); *Everett v. N.J. Dep't of Corr.*, No. 10-3412, 2013 WL 2319359, at *4 (D.N.J. May 28, 2013) (same).

6

right to appeal from the judgment entered following that plea-remains voluntary and intelligent or knowing despite subsequent developments in the law.").

Here, nothing in the federal constitution nor relevant Supreme Court precedent suggests the success of Petitioner's challenge to the Shooting Indictments, which led to the reversal of the aggravated manslaughter conviction and a lesser sentence, necessitated the state court to grant a plea withdrawal. As described above, Petitioner had a strong desire to challenge the aggravated manslaughter conviction, which clearly indicated that Petitioner was at least aware such a challenge had a chance to succeed. It is true, at the time of the plea, Petitioner was facing an actual conviction by a jury for aggravated manslaughter, and it would have been impossible for him to know that he would succeed in his challenge. But, as the above caselaw makes clear, that apprehension does not render the plea agreement vulnerable or suspect; to the contrary, Petitioner's awareness of his possibility for success would reinforce the notion the plea was made knowingly and voluntarily. Nothing prevented Petitioner from going to trial on the Gun Indictment and, even if trial resulted in a conviction, subsequently challenging that conviction once the aggravated manslaughter conviction was reversed. Instead, as in all pleas, Petitioner opted for certainty to avoid the possibility of a worse outcome. Accordingly, because there is no constitutional right for Petitioner to withdraw his plea under the facts of this case, the Court finds it plainly appears from the Petition and the attached exhibits he is not entitled to relief on this claim, and the claim is dismissed.

### B. "Speedy Sentencing" Claim

Next, Petitioner contends his "speedy sentencing" rights were violated by the five-year delay in sentencing for his Gun Indictment. However, as the Supreme Court has unequivocally held, no such right exists under the federal constitution. "[T]he [speedy trial] guarantee protects

the accused from arrest or indictment through trial, but does not apply once a defendant has been found guilty at trial or has pleaded guilty to criminal charges." *Betterman v. Montana*, 136 S. Ct. 1609, 1612 (2016). "As a measure protecting the presumptively innocent, the speedy trial right—like other similarly aimed measures—loses force upon conviction." *Id.* at 1614.

Nevertheless, the Court is cognizant of the Supreme Court's dicta in *Betterman*, stating "[f]or inordinate delay in sentencing, although the Speedy Trial Clause does not govern, a defendant may have other recourse, including, in appropriate circumstances, tailored relief under the Due Process Clauses of the Fifth and Fourteenth Amendments." *Id.* at 1612. However, even in recognizing that possibility, the lone justice who expressly embraced such an argument stated such a "speedy sentencing" violation must have resulted in prejudice. *Id.* at 1619 (Sotomayor, J. concurring). Here, Petitioner was serving two consecutive sentences of six years and sixteen years for the Shooting and Drug Indictments, respectively, with at least an eight-year period of parole ineligibility, so not knowing what sentence he would receive for the Gun Indictment had no prejudicial effect; whatever sentence he would have received for the Gun Indictment would not have *begun* during the five-year delay in question. In fact, although Petitioner agreed to a ten-year sentence for the Gun Indictment, to be served *consecutively* with his sentences for the Shooting and Drug Indictments, the state trial court still credited Petitioner with five years' worth of jail time credit on the Gun Indictment, and sentenced him only to a five-year sentence for the Gun Indictment. *See id.* at 1617 n.9 ("Because postconviction incarceration is considered punishment for the offense, however, a defendant will ordinarily earn time-served credit for any period of presentencing detention."). Therefore, even if the Court construes the Supreme Court's dicta in *Betterman* as creating a "speedy sentencing" right through the Fourteenth Amendment, under the standard proposed by Justice Sotomayor, Petitioner still would not be entitled to relief, because

8

there was no prejudice. Thus, the Court finds it plainly appears from the Petition and the attached exhibits that Petitioner is not entitled to relief on this claim, and the claim is dismissed.

### C. Unproven Allegations at Sentencing

Finally, Petitioner alleges his due process rights were violated when the trial court sentenced him by relying on unproven allegations. However, as stated above, the trial court did not even impose the sentence that Petitioner agreed to for the Gun Indictment, and instead imposed a sentence only half as long—surely Petitioner does not wish to challenge the trial court's decision to impose a shorter sentence.

Instead, the only issue with sentencing Petitioner could possibly challenge was the fact that the trial court imposed a consecutive sentence for the Gun Indictment, which Petitioner had agreed to in the first place. However, even assuming that the use of unproven allegations may have influenced the trial court's decision to impose a consecutive sentence, regardless of what Petitioner had agreed, that is not a cognizable claim in a federal habeas petition. "[F]ederal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (citation and quotation omitted). The decision whether to impose a consecutive sentence or a concurrent sentence is a matter of state law, which in New Jersey, is usually left to the discretion of the trial court. *See* N.J.S.A. § 2C:44-5a ("When multiple sentences of imprisonment are imposed on a defendant for more than one offense, . . . such multiple sentences shall run concurrently or consecutively as the court determines at the time of sentence[.]"); *State v. Randolph*, 210 N.J. 330, 352-53 (2012).

Although a trial court is required, under New Jersey Supreme Court precedent, to analyze specific enumerated factors and give its reasons for imposing consecutive sentences, *Randolph*, 210 N.J. at 353, any failure to do so is still a matter of state law. Once an individual is convicted

of a crime, the state is free to impose whatever punishment it deems necessary, subject only to the prohibition against cruel and unusual punishment of the Eighth Amendment. *See, generally, Graham v. Florida*, 560 U.S. 48, 58-59 (2010). Here, Petitioner does not argue that his sentence was in violation of the Eighth Amendment, and whatever alleged error he claims the state court made was a matter of state law, which this Court is without jurisdiction to adjudicate. *Swarthout*, 562 U.S. at 219; *see also Medina v. California*, 505 U.S. 437, 443 (1992) ("The Bill of Rights speaks in explicit terms to many aspects of criminal procedure, and the expansion of those constitutional guarantees under the open-ended rubric of the Due Process Clause invites undue interference with both considered legislative judgments and the careful balance that the Constitution strikes between liberty and order."). As such, the Court finds that it lacks jurisdiction to adjudicate this claim, and the claim is dismissed.

## IV. CONCLUSION

For the reasons set forth above, the Petition is DISMISSED WITHOUT PREJUDICE, and Plaintiff shall have thirty days from the date of entry of the accompanying Order to amend the Petition consistent with the holdings of this Opinion.

_____
**Claire C. Cecchi, U.S.D.J.**

Dated: June 23, 2016